## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-1064** (Mercer County 11-F-209)

**Robbie Pertee, Defendant Below,**
**Petitioner**

**FILED**

September 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner's appeal, by counsel Thomas L. Fuda, arises from an order entered September 24, 2012, in the Circuit Court of Mercer County, wherein he was sentenced to one to five years of incarceration. This sentence followed petitioner's conviction, after a trial by jury, for one count of third degree sexual assault. The State, by counsel Thomas W. Rodd, has filed its response. On appeal, petitioner disputes the sufficiency of the evidence to support his conviction.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2011, petitioner was indicted on three counts of third degree sexual assault. Petitioner went to trial on the three charges in February of 2012; he was found not guilty for two of the counts and there was a mistrial on the third count. The circuit court directed the State to elect whether to retry petitioner on the third count. On May 1, 2012, the circuit court conducted a jury trial on that third count. Petitioner was found guilty of third degree sexual assault on the basis of the uncorroborated testimony of the victim. The circuit court sentenced petitioner to one to five years of incarceration, with credit for time served, but stayed the execution of the sentence to allow petitioner to complete physical therapy needed for an occupational injury. The sentence was reimposed by order entered September 24, 2012, from which petitioner appeals. Petitioner argues that the testimony was insufficient to support his conviction for third degree sexual assault.

> A person is guilty of sexual assault in the third degree when . . . [t]he person, being sixteen years old or more, engages in sexual intercourse . . . with another person who is less than sixteen years old and who is at least four years younger than the defendant and is not married to the defendant.

1

W.Va. Code § 61-8B-5(a). "'Sexual intercourse' means any act between persons involving penetration, however slight, of the female sex organ by the male sex organ . . . ." *Id.* § 61-8B-1(7).

We have held that,

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 5, *State v. Broughton*, 196 W.Va. 281, 470 S.E.2d 413 (1996).

Upon our review, this Court finds that the evidence was sufficient to support the petitioner's conviction of third degree sexual assault. At trial, the victim testified that petitioner "started kissing on me and rubbing up against [me,]" and described penetration of her sex organ by petitioner's sex organ. Additionally, it is undisputed that the victim was under the age of sixteen at the time of the act and more than four years younger than petitioner, who was over the age of sixteen. Therefore, the State presented sufficient evidence to support the jury verdict of guilty of third degree sexual assault as described in West Virginia Code § 61-8B-1, et al. Although petitioner asserts that the victim's testimony was uncorroborated, "[a] conviction for any sexual offense may be obtained on the uncorroborated testimony of the victim, unless such testimony is inherently incredible, the credibility is a question for the jury." Syl. Pt. 5, *State v. Beck*, 167 W. Va. 830, 286 S.E.2d 234 (1981). Additionally, witness credibility determinations are within the province of the jury. Syl. Pt. 8, *State v. McGilton*, 229 W.Va. 554, 729 S.E.2d 876 (2012). Therefore, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: September 3, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2